**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000609
29-JUN-2020
08:02 AM**

NO. CAAP-16-0000609

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

YOUNG ACOPAN, Plaintiff/Counterclaim Defendant-Appellee,
v.
ELEGANT CONCEPTS, LLC dba PACIFIC CRAFTWORKS,
Defendant/Counterclaimant-Appellant,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE
PARTNERSHIPS 1-10; OR OTHER ENTITIES 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Case No. 1CC131000247)

MEMORANDUM OPINION
(By:  Ginoza, Chief Judge and Hiraoka, J.,
with Leonard, J., dissenting)

Defendant/Counterclaimant-Appellant Elegant Concepts, LLC, doing business as Pacific Craftworks (**Pacific**), appeals from the "Final Judgment" (**Judgment**) entered by the Circuit Court of the First Circuit[1] on February 22, 2016.  When an appellate court perceives a jurisdictional defect in an appeal the court must, sua sponte, dismiss the appeal.  Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995).  We lack jurisdiction over Pacific's appeal from the Judgment because: **(1)** Pacific's notice of appeal (filed on September 2, 2016) was not filed within thirty days after entry of the March 14, 2016 order denying Pacific's "Ex Parte Motion to Amend and Supplement Findings of Fact and Conclusions of Law and/or Motion for New Trial or to Alter or Amend Judgment" (**Ex Parte Motion**); and **(2)** Pacific's

_____

[1]     The Honorable Jeannette H. Castagnetti presided.

"Motion for Order to Amend and Supplement Findings of Fact and Conclusions of Law and/or Motion for New Trial or to Alter or Amend Judgment" (filed on March 15, 2016) (**Hearing Motion**) did not toll the time for Pacific to file a notice of appeal from the Judgment because the Hearing Motion was not filed within the time required by Hawai'i Rules of Civil Procedure (**HRCP**) Rules 52 and 59. Pacific's notice of appeal was timely only as to the circuit court's August 15, 2016 order denying the Hearing Motion; however, the points of error[2] in Pacific's amended opening brief do not address that order, and Pacific presents no discernible argument concerning the circuit court's denial of the Hearing Motion.

Plaintiff/Counterclaim Defendant-Appellee Young Acopan (**Acopan**) filed a complaint against Pacific. The complaint alleged claims for unjust enrichment and deceptive trade practices. Pacific answered the complaint and asserted a counterclaim for breach of contract. The circuit court conducted a jury-waived trial and entered findings of fact, conclusions of law, and an order. Acopan moved for clarification of the findings and conclusions. An order granting Acopan's motion for clarification was entered. The Judgment was entered on February 22, 2016. It stated, in relevant part:

> 1. Judgment is entered as to Count I (Unjust Enrichment) in favor of Plaintiff Young Acopan ("Acopan") as against Defendant Elegant Concepts, LLC dba Pacific Craftworks ("Pacific Craftworks") in the amount of $11,007.50.
>
> 2. Judgment is entered as to Count II (Deceptive Trade Practices) in favor of Defendant Pacific Craftworks as against Plaintiff Acopan.
>
> 3. Judgment is entered as to the counterclaim filed by Defendant Pacific Craftworks in favor of Defendant Pacific Craftworks as against Plaintiff Acopan in that Defendant Pacific Craftworks may retain $28,192.50 of the deposit of $39,200.00 paid by Plaintiff Acopan. This portion of the judgment shall not be construed to entitled [sic] Defendant Pacific Craftworks to any additional amount, but should be construed to allow Defendant Pacific Craftworks to retain the amount of $28,192.50 of the amount that they have already received.

---

[2] We construe the section of the amended opening brief titled "Issues Presented for Review" as the statement of points of error, even though it does not fully comply with Rule 28(b)(4) of the Hawai'i Rules of Appellate Procedure (**HRAP**).

2

When the Judgment was entered on February 22, 2016, Rule 4 of the Hawaiʻi Rules of Appellate Procedure (eff. July 1, 2015) (**HRAP**) provided, in relevant part:

> **APPEALS - WHEN TAKEN.**
>
> **(a)   Appeals in civil cases.**
>
> (1)   TIME AND PLACE OF FILING.  When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order.
>
> . . . .
>
> (3)   TIME TO APPEAL AFFECTED BY POST-JUDGMENT MOTIONS.  If any party files a timely motion . . . to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

Thus, a notice of appeal from the Judgment was due by Wednesday, March 23, 2016, unless a timely motion "to amend findings or make additional findings, for a new trial, [or] to reconsider, alter or amend the judgment" was filed.

On February 26, 2016 (four days after entry of the Judgment), Pacific's Ex Parte Motion was stamped "received" by the circuit court.[3]  The Ex Parte Motion sought relief pursuant to HRCP Rules 52(b), 59(a), and 59(e), and included a proposed form of order.  HRCP Rule 52 provides, in relevant part:

> **(b)   Amendment.**  Upon motion of a party made <u>not later than 10 days after entry of judgment</u> the court may amend its findings or make additional findings and may amend

---

[3]      Pacific's Ex Parte Motion should have been filed as a non-hearing noticed motion under Rule 7.2(b) of the Rules of the Circuit Courts of the State of Hawaiʻi (eff. July 1, 2014) (**RCCH**), which provides:

> **(b)   Designation as hearing or non-hearing motion.**
> All written motions, other than motions entitled to be heard <u>ex parte</u> or those listed in Exhibit B attached to these rules, shall be designated as hearing motions and calendared for oral hearing[.]

Exhibit B to the RCCH (eff. Jan. 1, 2012) lists "Alter or Amend Order or Judgment" as a non-hearing motion.

> the judgment accordingly. The motion may be made with a
> motion for a new trial pursuant to Rule 59.

(Underscoring added.) HRCP Rule 59 provides, in relevant part:

> **NEW TRIALS; AMENDMENT OF JUDGMENTS.**
>
> . . . .
>
> **(b) Time for motion.** A motion for a new trial shall
> be filed <u>no later than 10 days after entry of the judgment</u>.
>
> . . . .
>
> **(e) Motion to alter or amend judgment.** Any motion to
> alter or amend a judgment shall be filed <u>no later than 10
> days after entry of the judgment</u>.

(Underscoring added.) Because the Judgment was entered on February 22, 2016, motions under HRCP Rules 52 or 59 were due by Thursday, March 3, 2016. The Hawai'i Supreme Court has held that submission of a document to a circuit court clerk and the clerk's acceptance and date stamping of it as "received" constitutes a filing sufficient to satisfy jurisdictional requirements. <u>See Doe v. Doe</u>, 98 Hawai'i 144, 151, 44 P.3d 1085, 1092 (2002) (holding that the family court had jurisdiction over a motion for new trial and reconsideration based on the date that the clerk accepted and date stamped the document as "received"). In this case Pacific's timely submission of the <u>Ex Parte</u> Motion to the circuit court on February 26, 2016, extended the time for it to file a notice of appeal "until 30 days after entry of an order disposing of the motion." HRAP Rule 4(a)(3).

Under the language of the rule in effect at the time, if the circuit court failed to dispose of the motion within 90 days after the motion was filed, the motion would be deemed denied and the 30-day deadline for filing the notice of appeal would be triggered when a written order denying the motion was filed. <u>Deutsche Bank Nat'l Tr. Co. v. Amasol</u>, 135 Hawai'i 357, 358-59, 351 P.3d 584, 585-86 (2015) (citing <u>Ass'n of Condo. Homeowners of Tropics at Waikele v. Sakuma</u>, 131 Hawai'i 254, 256, 318 P.3d 94, 96 (2013) (holding that when timely post-judgment tolling motion is deemed denied, 30-day deadline for filing notice of appeal is not triggered until entry of a judgment or appealable order)).

4

Rule 7.2 of the Rules of the Circuit Courts of the State of Hawaiʻi (eff. July 1, 2014) **(RCCH)** provides, in relevant part:

> **(f)** **Ex parte motions.** A motion entitled to be heard <u>ex parte</u> shall
>
> (1) cite the statute, rule, or other authority authorizing the court to entertain the motion <u>ex parte</u>;
>
> (2) be supported by an affidavit or declaration stating the reason(s) for filing the motion <u>ex parte</u>, the efforts made to notify parties, and, if the motion is to shorten time or advance a hearing pursuant to subsection (g)(5) of this rule, the efforts made to obtain a stipulation or response from the other parties in the case or the reason(s) why no attempt was made;
>
> (3) be accompanied by a proposed order; and
>
> (4) be served on the date that the motion was presented to the court.

Pacific's <u>Ex Parte</u> Motion did not comply with RCCH Rule 7.2(f) because it did not cite any statute, rule, or other authority allowing the circuit court to entertain the motion <u>ex parte</u>,[4] and because it was not supported by an affidavit or declaration stating a reason for filing the motion <u>ex parte</u>. Because the motion was lodged <u>ex parte</u> the circuit court followed the RCCH Rule 7.2 (eff. Jan. 1, 2012) procedure for processing <u>ex parte</u> motions:

> **(g)** **Presentation of motions; copies for judge.** Unless otherwise provided by Rule 6 of the Hawaiʻi Court Records Rules ["Docketing documents from self-represented parties."], the following rules shall apply:
>
> . . . .
>
> (3) EX PARTE MOTIONS.
>
> (A) <u>Cases Assigned to a Judge</u>. An <u>ex parte</u> motion accompanied by a proposed order shall be dated and stamped "lodged" or "received" by the Legal Documents Branch/Section clerk, listed on the docket, and transmitted to the assigned judge. Upon the judge's action on the motion, it shall be transmitted to the Legal Documents Branch/Section for filing[.]

---

[4] <u>See, e.g.</u>, HRAP Rule 4(a)(4)(A) (allowing <u>ex parte</u> motion to extend time to file notice of appeal if filed "before the expiration of the prescribed time[.]"); HRCP Rule 6(d) (allowing <u>ex parte</u> application to shorten time for hearing or to advance hearing date); RCCH Exhibit B (allowing <u>ex parte</u> motion for extension of time to file pretrial statement); RCCH Rule 7.2(g)(1)(A)(i)(b) (allowing <u>ex parte</u> motions for service by publication, examination of judgment debtor, and issuance of garnishee summons).

On March 14, 2016, Pacific's Ex Parte Motion, stamped "DENIED 5th Division[,]" with an attached order signed by the circuit court and containing handwritten changes, was filed. Accordingly, Pacific's notice of appeal from the Judgment became due 30 days later, on Wednesday, April 13, 2016. HRAP Rule 4(a)(3).

The dissent takes the view that what was entered by the circuit court on March 14, 2016, was not "an order disposing of the motion" as those words are used in HRAP Rule 4(a)(3), reasoning that "the Circuit Court's March 14, 2016 order denied the *ex parte manner* in which Pacific initially presented its motion," but not its substance. Dissent at 15 (italics in dissent). Respectfully, HRAP Rule 4(a)(3) does not restrict its application to a "substantive" order, or an order disposing of the motion "on its merits." Under the plain language of the rule, an order denying a motion on procedural grounds "disposes" of that motion, just as the failure to "dispose of any motion by order entered upon the record within 90 days after the date the motion was filed" would constitute a disposition under the version of the rule then in effect. Treating the Hearing Motion in the manner suggested by the dissent — as "an amendment" to the Ex Parte Motion — could result in procedural confusion; the Hearing Motion was not heard until June 1, 2016, but if it were treated as an amendment to the Ex Parte Motion, it would have been deemed denied on May 26, 2016 (90 days after the Ex Parte Motion was submitted and received). No hearing would have been necessary, because the circuit court at that point could only have entered an order denying the motion. Amasol, 135 Hawaiʻi at 358-59, 351 P.3d at 585-86.

At any rate, the circuit court's handwritten changes to the proposed order attached to Pacific's Ex Parte Motion included re-titling the proposed order to read: "Order Denying Ex Parte Motion to Amend and Supplement Findings of Fact and Conclusions of Law." The circuit court also added the following handwritten provisions (shown in bold italics) to the proposed order:

> Defendant Pacific Craftworks *Motion shall be set as a hearing* shall be awarded reasonable attorney's fees and costs of suit. *motion and presented to the court for a*

> *hearing date in accordance with Circuit Court Rule*
> *7.2(g).*[5]

The circuit court rule cited by the circuit court, RCCH Rule 7.2 (eff. July 1, 2014) provided, in relevant part:

> **(b) Designation as hearing or non-hearing motion.** All written motions, other than motions entitled to be heard ex parte or those listed in Exhibit B attached to these rules [listing non-hearing motions], shall be designated as hearing motions and calendared for oral hearing; provided that discovery motions brought pursuant to Rules 26 through 37 of the Hawai'i Rules of Civil Procedure shall be governed by subsection (e) of this rule.
>
> . . . .
>
> **(g) Presentation of motions; copies for judge.** Unless otherwise provided by Rule 6 of the Hawai'i Court Records Rules ["Docketing documents from self-represented parties."], the following rules shall apply:
>
> (1)   HEARING MOTIONS.
>
> (A)   <u>Cases Assigned to a Judge</u>.
>
> (i)   In the First Circuit, . . . the assigned judge shall designate the date and time of a hearing motion[.] Upon presentation of the hearing motion . . . to the assigned judge, the motion . . . shall be date-stamped, indicating date of receipt. Upon designation of the hearing date and time, the motion . . . shall be transmitted to the Legal Documents Branch/Section for filing.

On March 15, 2016, (the day after the denied <u>Ex Parte</u> Motion was filed by the circuit court) Pacific filed the Hearing Motion. The Hearing Motion was a new motion, filed after the circuit court denied the <u>Ex Parte</u> Motion. The filing of the Hearing Motion did not toll the time for Pacific to file a notice of appeal because the Hearing Motion was not filed within 10 days after entry of the Judgment, as required by HRCP Rules 52 and 59.

The Hearing Motion was heard on June 1, 2016. An order denying the Hearing Motion was entered on August 15, 2016. Pacific's notice of appeal was filed on September 2, 2016, more than 30 days after entry of the March 14, 2016 order denying Pacific's <u>Ex Parte</u> Motion. "An appellant's failure to file a timely notice of appeal is a jurisdictional defect that can

---

[5]   It appears that the circuit court may have intended to strike the phrase "shall be awarded reasonable attorney's fees and costs of suit" and the period that followed, but the filed document was worded as stated in the block quote.

neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion." Enos v. Pac. Transfer & Warehouse, Inc., 80 Hawai'i 345, 349, 910 P.2d 116, 120 (1996) (citation omitted). We lack appellate jurisdiction to review the Judgment.

Pacific's notice of appeal was timely as to the August 15, 2016 order denying Pacific's Hearing Motion, but the points of error in Pacific's amended opening brief do not address that order, and Pacific presents no discernible argument concerning the denial of the Hearing Motion. Accordingly, the "Order Denying Defendant Elegant Concepts, LLC dba Pacific Craftworks Ex Parte [sic] Motion to Amend and Supplement Findings of Fact and Conclusions of Law and/or Motion for New Trial or to Alter or Amend Judgment, Filed on March 15, 2016" entered by the circuit court on August 15, 2016, is affirmed.

DATED: Honolulu, Hawai'i, June 29, 2020.

On the briefs:

Keith M. Kiuchi,
for Plaintiff/Counterclaim
Defendant-Appellee.

Joseph N. A. Ryan, Jr.,
for Defendant/Counterclaimant-
Appellant.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge